## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

|  |  |
|---|---|
| **DR. SANDRA VESPER**, an individual, | **CIVIL ACTION** |
| Plaintiff, | |
| v. | **Case No.  8:26-cv-1017** |
| **SOUTHERN VETERINARY PARTNERS, LLC**, a foreign limited liability company, d/b/a **BRIGHT CROSS ANIMAL CLINIC**, | **Judge:** |
| | **Mag. Judge:** |
| Defendant. | |

### COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, DR. SANDRA VESPER ("VESPER" or "Plaintiff"), by and through undersigned counsel, and states the following for her Complaint:

### CAUSES OF ACTION

1. This is an action brought under the Americans with Disabilities Act (ADA), the Florida Civil Rights Act (FCRA) and Florida law for (1) disability discrimination in violation of the ADA, (2) disability discrimination in violation of the FCRA, (3) retaliation in violation of the ADA, (4) retaliation in violation of the FCRA, and (5) unlawful retaliation in violation of F.S. §440.205.

1

## PARTIES

2. The Plaintiff, DR. SANDRA VESPER ("VESPER") is an individual and a resident of Florida who at all material times was employed by the Defendant.

3. Defendant, SOUTHERN VETERINARY PARTNERS, LLC ("Defendant") is a foreign limited liability company doing business as Bright Cross Animal Clinic, located in Sarasota County, and employed VESPER.

4. At all material times, the Defendant employed greater than fifteen (15) employees.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over VESPER's state law claims pursuant to 28 U.S.C. §1367.

7. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked for the Defendant in Sarasota County, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Sarasota County, Florida, which is within the Middle District of Florida. Venue is proper in the Tampa Division since Sarasota County is within the Tampa Division.

8. VESPER timely filed her Charge of Discrimination against the Defendant with the U.S. Equal Employment Opportunity Commission

(EEOC), and this action is timely filed. (See Exhibit 1 - EEOC Notice of Right to Sue).

## GENERAL ALLEGATIONS

9. VESPER began her employment with the Defendant in or about July 2014 and was last employed as an Associate Veterinarian.

10. VESPER always performed her assigned duties in a professional manner and was very well qualified for her position.

11. VESPER always met and exceeded performance and productivity goals, and received effective to highly effective performance reviews.

12. VESPER was a qualified person with a disability, and thus a member of a protected class, as she suffers from impairments of the musculo-skeletal system, caused by a workplace accident she was involved in on January 30, 2023 when she suffered a strained back because of a fall apparently caused by a dog circling her ankles in a leash while at work for the Defendant (a fact the Defendant was aware of).

13. VESPER's impairments impact her ability to perform major life activities, such as lifting, bending, moving and working when not in remission.

14. VESPER has a history of these impairments that limits major bodily functions and several major life activities. VESPER's impairments qualify as a disability as that term is defined under 28 C.F.R. §36.104(iii).

3

15.     Because VESPER was injured at work, she filed a worker's compensation claim.

16.     Due to her injuries, VESPER was out of work starting February 1, 2023.

17.     In line with the Defendant's FMLA Policy, VESPER first used her twelve (12) weeks of unpaid leave to take time off from work and tend to her injury.

18.     VESPER exhausted all available FMLA leave. As she was still unable to return to work, VESPER then exhausted the entirety of her personal leave to remain off work.

19.     VESPER required ongoing medical treatment including multiple procedures for her workplace injury.

20.     VESPER's workers' compensation benefits were discontinued on September 5, 2024, despite her ongoing pain and functional limitations.

21.     On or about May 15, 2025, over two years after the initial injury occurred, VESPER had been medically cleared and insisted that she be allowed to return to work.

22.     Despite being medically cleared and able to perform the essential functions of her position with or without reasonable accommodation, the Defendant refused to engage in the interactive process or provide reasonable accommodations.

23. On May 29, 2025, the Defendant terminated VESPER's employment, stating "We are not required to hold your position," or words to that effect.

24. Prior to her workplace injury, VESPER had received consistently good performance reviews and had not been subjected to discipline.

25. At all material times, the Defendant was aware of VESPER's disability and worker's compensation claim, which are the bases for its discriminatory employment practices toward her.

## COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED

26. The Plaintiff hereby incorporates by reference Paragraphs 1-25 in this Count by reference as though fully set forth below.

27. At all relevant times, VESPER was an individual with a disability within the meaning of the ADAAA.

28. Specifically, VESPER has physical impairments that substantially limit one or more major life activities and bodily functions, has a record of the impairment, and is regarded by the Defendant as having such impairments.

29. VESPER is a qualified individual with disabilities as that term is defined in the ADAAA.

30.    VESPER is an individual who, with or without reasonable accommodation, at all relevant times could perform the essential functions of the job with Defendant.

31.    At all material times, VESPER was an employee and Defendant was her employer covered by and within the meaning of the ADAAA.

32.    Defendant was made aware and was aware of VESPER's disabilities, which qualify under the ADAAA.

33.    Defendant discriminated against VESPER with respect to the terms, conditions, and privileges of employment because of her disabilities.

34.    Defendant conducted itself with malice or with reckless indifference to VESPER's federally protected rights.

35.    Defendant discriminated against VESPER in violation of the ADAAA by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

36.    The conduct of Defendant altered the terms and conditions of VESPER's employment and VESPER suffered negative employment action in the form of termination.

37.    As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, VESPER has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

38.      As a direct and proximate result of the violations of the ADAAA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, VESPER is entitled to all relief necessary to make her whole.

39.      As a direct and proximate result of the Defendant's actions, VESPER has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

40.      VESPER has exhausted her administrative remedies and this count was timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

7

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT II - VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT - DISABILITY DISCRIMINATION

41.     The Plaintiff hereby incorporates by reference Paragraphs 1-25 in this Count by reference as though fully set forth below.

42.     At all relevant times, VESPER was an individual with a disability within the meaning of the FCRA.

43.     Specifically, VESPER has physical impairments that substantially limit one or more major life activities, has a record of the impairment, and is regarded by the Defendant as having such impairments.

44.     VESPER is a qualified individual with disabilities as that term is defined in the FCRA.

45.     VESPER is an individual who, with or without reasonable accommodation, at all relevant times could perform the essential functions of her own job with Defendant.

46.     At all material times, VESPER was an employee and Defendant was her employer covered by and within the meaning of the FCRA.

47.     Defendant was made aware and was aware of VESPER's disabilities, which qualify under the FCRA.

48.     Defendant discriminated against VESPER with respect to the terms, conditions, and privileges of employment because of her disabilities.

49.     Defendant conducted itself with malice or with reckless indifference to VESPER's protected rights under Florida law.

50.     Defendant discriminated against VESPER in violation of the FCRA by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

51.     The conduct of Defendant altered the terms and conditions of VESPER's employment and VESPER suffered negative employment action in the form of termination.

52.     As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, VESPER has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

53.     As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, VESPER is entitled to all relief necessary to make her whole.

9

54.     As a direct and proximate result of the Defendant's actions, VESPER has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

55.     VESPER has exhausted her administrative remedies and this count was timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT III - VIOLATION OF THE ADA - RETALIATION

56.     Plaintiff incorporates by reference Paragraphs 1-25 of this Complaint as though fully set forth below.

57.     Following VESPER's filing of a worker's compensation claim and request to return to work with reasonable accommodation, Defendant retaliated by altering the terms and conditions of her employment by terminating VESPER.

58.     Said protected activity was the proximate cause of Defendant's negative employment actions against VESPER including termination.

59.     Instead of ceasing its disparate treatment based upon disability, Defendant retaliated against VESPER via termination.

60.     The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of the ADA.

61.     As a direct and proximate result of the violations of the ADA, as referenced and cited herein, VESPER has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

62.     As a direct and proximate result of the violations of the ADA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, VESPER is entitled to all relief necessary to make her whole as provided for under the ADA.

11

63.     As a direct and proximate result of Defendant's actions, VESPER has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

64.     VESPER has exhausted her administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT IV - VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 – RETALIATION

65.     Plaintiff incorporates by reference Paragraphs 1-25 of this Complaint as though fully set forth below.

66.     Following VESPER's filing of a worker's compensation claim and request to return to work with reasonable accommodation, Defendant retaliated by altering the terms and conditions of her employment by terminating VESPER.

67.     Said protected activity was the proximate cause of Defendant's negative employment actions against VESPER including termination.

68.     Instead of ceasing its disparate treatment based upon disability, Defendant retaliated against VESPER via termination.

69.     The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of the FCRA.

70.     As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, VESPER has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

71.     As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the

13

prohibited acts perpetrated against her, VESPER is entitled to all relief necessary to make her whole as provided for under the FCRA.

72.     As a direct and proximate result of Defendant's actions, VESPER has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

73.     VESPER has exhausted her administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT V - UNLAWFUL RETALIATION UNDER F.S. § 440.205, WORKER'S COMPENSATION RETALIATION

74.     Plaintiff incorporates by reference Paragraphs 1-25 of this Complaint as though fully set forth below.

75.     VESPER was injured on the job and required medical treatment.

76.     VESPER promptly reported the worker's compensation injury to the Defendant and the Defendant knew that she was seeking benefits under F.S. §440.

77.     VESPER required ongoing and future medical treatment, which was compensable due to her injury occurring in the workplace.

78.     Prior to her termination, VESPER required leave in order to receive treatment for her workplace injury.

79.     The Defendant then terminated VESPER as a direct result of the same.

80.     Prior to her worker's compensation injury, VESPER had received consistently good performance reviews and had not been subjected to discipline.

81.    VESPER's filing of a worker's compensation claim, workplace injury and need for treatment for her workplace injury are the direct and proximate causes of the Defendant's termination of her employment.

82.    As a direct and proximate result of the Defendant's actions that violate Florida Statute § 440.205, VESPER has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

WHEREFORE, Plaintiff prays that this Honorable Court enter a Judgment in her favor and against the Defendant for an amount consistent with evidence, together with back pay, front pay, non-economic damages, the costs of litigation, and interest.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States Constitution, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: April 8, 2026

/s/ **Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW

16

27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com

17